Vasilike NEDA; Linka Neda; Irina Neda; Daniela Neda, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–3531.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioners.

Efthimia S. Pilitsis, Washington, DC, for Respondent.

Before NORRIS and DAUGHTREY, Circuit Judges; and OLIVER, District Judge.*

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

Vasilike Neda petitions for judicial review of an order of the Board of Immigration Appeals ("BIA"), which found that he was subject to removal as an illegal alien. His petition also includes his wife, Linka, and his children, Irina and Daniela. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

The Nedas are natives and citizens of Yugoslavia (now Serbia–Montenegro), who entered this country as visitors for pleasure in 1991. They conceded removability because they remained beyond the time that was authorized by their visas, but they also applied for asylum and the withholding of removal. The Nedas primarily alleged that they feared persecution because they are ethnic Romanians and because Vasilike Neda had resisted attempts to be drafted into the Serbian military. An immigration judge ("IJ") found that they did not have a valid claim for relief, even though their testimony was essentially credible. The BIA subsequently remanded their case to give them an opportunity to raise a claim under the United Nations Convention Against Torture.

The IJ conducted another hearing upon remand, at which Vasilike, Linka, and Irina Neda offered testimony regarding their fear of persecution. However, the IJ denied the Nedas' request for relief under the Convention Against Torture because they had not shown that it was more likely than not that they would be tortured if they were removed. The BIA adopted the IJ's decisions with additional comments and dismissed the Nedas' administrative appeal on February 10, 2003.

To obtain asylum, the Nedas must show that they are refugees whose applications merit a favorable exercise of administrative discretion. *See Mikhailevitch v. INS,* 146 F.3d 384, 389 (6th Cir.1998). A refu-gee is an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution based upon his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). To qualify for the withholding of removal, the Nedas must show that there is a clear probability of persecution. *See Koliada v. INS,* 259 F.3d 482, 488–89 (6th Cir.2001). A petition for judicial review should not be granted unless the evidence is so compelling that a reasonable adjudicator would have to find the requisite fear of persecution. *Id.* at 486. Similarly, the denial of their application for relief under the Convention Against Torture is subject to judicial review only if compelling evidence shows that it is more likely than not that the applicant would be tortured if he were removed to his home country. *Ali v. Reno,* 237 F.3d 591, 596 (6th Cir.2001).

In rejecting the Nedas' asylum claim, the BIA found that an amnesty had been passed for individuals who refused to appear for Serbian military service. It also found that "the architect of ethnic cleansing, Milosevic, has fallen from power and has been replaced." Thus, the BIA concluded that the testimony of an expert witness regarding the possibility of Serbian retribution "does not withstand the evidence of the end of the Balkan wars and the ouster of Milosevic from power and the absence of evidence of the continuation of violence against ethnic minorities."

■ We must uphold the BIA's finding that conditions have improved in Serbia–Montenegro because the Nedas have not shown that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, judicial review of their asylum claim is not warranted, as they have not present-

ed evidence that would compel a finding that they have a well-founded fear of persecution. *See Koliada,* 259 F.3d at 486–88. It follows that they have not met the more rigorous standard that is required for the withholding of removal. *See id.* at 489.

The Nedas argue that the BIA abused its discretion by adopting the IJ's finding that they were not entitled to relief under the Convention Against Torture, because they were subjected to severe mental pain and suffering when Serbian authorities tried to conscript Vasilike Neda. They argue that Irina and Daniela Neda will suffer mental distress if they are removed, as they are now thoroughly acclimated to living in the United States. In rejecting this claim, the IJ noted that there was no objective evidence that draft resistors had been targeted for torture and no evidence that Irina and Daniela Neda would be harmed because they were no longer fluent in the Serbian language.

The Nedas now argue that the IJ failed to recognize the difference between ethnic Romanians, such as themselves, and ethnic Romani or Gypsies, a group that had been singled out for persecution in Kosovo and subsequently allowed to return. However, their claim under the Convention Against Torture is not subject to judicial review, as they have not cited compelling evidence to show that they will probably be tortured if they are removed to Serbia–Montenegro. *See Ali,* 237 F.3d at 596.

Finally, the Nedas argue that the IJ abused her discretion by denying their motion for a continuance in 1997. They argue that they had retained a new attorney and that the refusal to grant a continuance deprived them of the effective assistance of counsel. The BIA rejected this argument because the Nedas had not shown good cause that might justify a continuance. *See* 8 C.F.R. § 1240.6 (2004). Thus, BIA did not abuse its discretion because the Nedas have not shown that the denial of their motion was made "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Balani v. INS,* 669 F.2d 1157, 1161 (6th Cir.1982).

Accordingly, the petition for judicial review is denied.